The majority reverses the opinion of the Deputy Commissioner and denies the plaintiff's claim. I respectfully dissent.
The plaintiff in the case at hand suffered an admittedly compensable injury by accident on 23 January 1993. The parties entered into a Form 21 agreement that was approved by the Commission on 7 April 1993. Defendants paid for the plaintiff's medical care subsequent to the filing of the Form 21. Plaintiff's claim is governed by the Supreme Court's decision inHyler v. GTE Products, Co., 333 N.C. 258, 425 S.E.2d 698 (1993) N.C. Gen. Stat. § 97-2(19). Dr. R. Gordon Senter consistently gave the opinion that plaintiff's disabling conditions were caused by the admittedly compensable injury by accident.
The majority denies the plaintiff's claim largely due to the plaintiff's supposed genetic and/or "lifestyle" predisposition to contract fibromyalgia. This analysis is without merit. It is a well-established black-letter rule of law in this state that an employer takes an employee as the employer finds him. If the defendants are correct in their assertions that plaintiff had a predilection to contract fibromyalgia, this fact could be read to help the plaintiff's case, in that the plaintiff was obviously able to work in her preinjury condition notwithstanding the alleged predisposition and was unable to work post injury due to the fibromyalgia. The defendants admit that fibromyalgia exists in the plaintiff. Dr. Senter testified that the admittedly compensable injury caused the plaintiff's disabling fibromyalgia and chronic pain problems. The fact that plaintiff may have come to this employer with a condition that gave him an increased chance of contracting these conditions does not render this claim noncompensable given the admittedly compensable nature of the injury suffered 23 January 1993 and the subsequent causation testimony.
The medical testimony in this case that is very favorable to the plaintiff, and given that plaintiff's workplace injury was admitted as being compensable on a Form 21 agreement, and that this claim is governed by Hyler, I see the majority's treatment of plaintiff in this case as fundamentally unfair and therefore I would affirm the Deputy Commissioner and respectfully dissent.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER